**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL VITO, | : | |
| Plaintiff, | : | |
| v. | : | |
| WATERSIDE PROPERTY OWNERS ASSOCIATION INC., and PHILADELPHIA INDEMNITY INSURANCE COMPANY, | : | C.A. No. S21C-08-006 CAK |
| Defendants. | : | |
| WATERSIDE PROPERTY OWNERS ASSOCIATION, INC., | : | |
| Crossclaim Plaintiff, | : | |
| v. | : | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | : | |
| Crossclaim Defendant, | : | |
| WATERSIDE PROPERTY OWNERS ASSOCIATION, INC., | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |

CERTAIN UNDERWRITERS                    :
AT LLOYD'S, LONDON,
NATIONAL FIRE &                         :
INSURANCE COMPANY and
INDIAN HARBOR                           :
INSURANCE COMPANY,

                                        :

  Third-Party Defendants.


Submitted: November 21, 2023
Decided:  December 11, 2023

***Defendant Philadelphia Indemnity Insurance Company's
Motion for Summary Judgment***

**GRANTED IN PART and DENIED IN PART**


***Defendant Certain Underwriters at Lloyd's, London, National Fire
& Insurance Company and Indian Harbor Insurance Company
Motion for Summary Judgment***

**GRANTED**


**MEMORANDUM OPINION AND ORDER**


Richard E. Berl, Jr., Esquire, Hudson, Jones, Jaywork & Fisher, LLC, 34382 Carpenter's Way, Suite 3, Lewes, Delaware 19958, attorneys for Plaintiff.

Robert J. Valihura, Jr., Esquire, Morton, Valihura & Zerbato, LLC, 3704 Kennett Pike, Suite 200, Greenville, Delaware 19807, attorneys for Defendant/Crossclaim Plaintiff, Waterside Property Owners Association, Inc.

Bruce W. McCullough, Esquire, Boddel Bove, LLC, 1225 N. King Street, Suite 1000, Wilmington, Delaware 19801, attorneys for Defendant, Philadelphia Indemnity Insurance Company.

Eileen M. Ford, Esquire, Ryan Kingshill, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., 300 Delaware Avenue, Suite 900, Wilmington, Delaware 19801, attorneys for Certain Underwriters at Lloyd's, London, National Fire & Insurance Company and Indian Harbor Insurance Company.

**KARSNITZ, RJ**

This case has an unfortunately long and tortured history. Plaintiff, Michael Vito, owns a condominium unit in "Canal Woods" in Frankford, Sussex County, Delaware. Mr. Vito's wife, Christy Cronin, has no ownership interest in the unit, but was the primary contact for reporting and processing the insurance claims which produced this controversy.

Canal Woods is part of a larger community known as "Townhomes of Waterside." Townhomes of Waterside contains three separate condominiums, including Canal Woods, and serves as an umbrella organization. A Declaration established Townhomes of Waterside as a condominium, and all unit owners in the three sub-communities are members of Defendant Waterside Property Owners Association, Inc. ("Waterside") which serves as the condominium association for the unit owners. Completing the cast of characters on the condominium side is SeaScape Property Management ("SeaScape"), the retained property manager for Waterside.

On November 4, 2016, Christy Cronin noticed signs of a water leak at the unit her husband owned. Specifically, she noticed mold on several walls. She reported her findings to representatives of SeaScape, including Jennifer Fannin. Ms. Fannin met with Cronin on November 11, 2016, took pictures of the damage, and filed a claim with L&W, the insurance agency that provided certain insurance coverages for Waterside. Apparently, the initial investigation showed the leak

4

occurred on the roof, a common area for which Waterside bore responsibility. No one to date has challenged this determination.

I jump ahead in the story to posit the crucial dispute. Certain insurance interests (Lloyd's of London) claim the leak was caused by ordinary wear and tear to the roof, for which it claims no responsibility under its insurance contract. A second insurance interest (Philadelphia Indemnity Insurance Company, or PIIC) claims the leak resulted from wind damage, an occurrence specifically excluded from responsibility by PIIC's insurance contract. Not surprisingly, each insurance interest has declined responsibility and, *inter alia*, points to the other. Unfortunately, there is much more to this story.

PIIC got involved almost immediately because L&W notified it promptly, and sent its independent adjuster, Robert Veazey, to inspect the property. Mr. Veazey adjusted the claim, but made no coverage determinations. Plaintiff claims Mr. Veazey led him to believe PIIC accepted the claim, and Plaintiff relied upon what Veazey said. Typically, independent adjusters do not make coverage determinations, so I am skeptical as to Plaintiff's claim. While these claims raise factual issues, ultimately the reliance question is not determinative.

Plaintiff's claim continued through the adjustment process. Many people, including representatives of SeaScape (the property manager for

Waterside) and PIIC participated. Plaintiff and others on his behalf proceeded to repair the damage, and Plaintiff sought reimbursement. Plaintiff raises myriad factual issues, pointing fingers at many. Again, I find all of this irrelevant to the issues necessary to resolve the Motions before me.

PIIC prepared a letter dated September 17, 2017, addressed to SeaScape and copied to L&W denying the claim. In essence PIIC asserted wind caused the loss, and its policy specifically excluded wind damage. Both SeaScape and L&W deny ever receiving the letter. During discovery PIIC representative Karen Grocutt testified that the process at the time was to send the letter regular mail only, and they did not use electronic mail, which could confirm receipt.[1] There is no proof that the Plaintiff or his representatives actually received the letter, and only process evidence PIIC sent it.

Plaintiff continued his pursuit of the claim, mostly through the efforts of his spouse, Christy Cronin. Ms. Cronin sent messages to Mr. Veazey, but got no response. Ms. Cronin had health issues. COVID intervened. By the Spring of 2019, Mr. Vito and his spouse became increasingly frustrated. They were out-of-pocket forty thousand dollars. Plaintiff complained to the Waterside Board of Directors. Plaintiff contacted L&W. Plaintiff finally received notice of the denial

---

[1] Transcript of Oral Argument ("Tr.") at 11.

letter on August 28, 2019. Ed Brown from L&W communicated electronically to Christy Cronin, that L&W had no record of the denial. Representatives of SeaScape asked Brown to make a claim against Waterside's insurer who covered wind losses, Lloyd's of London. On August 19, 2019, L&W submitted the claim to Lloyd's.

Lloyd's got involved in late August, 2019, and investigated the claim. On August 26, 2019, a representative of Lloyd's inspected the roof. Apparently, this was the first inspection of the roof, and it occurred after repairs had been made.[2] Obviously, the delay and changed conditions negatively impacted Lloyd's investigation.[3] On October 10, 2019, Lloyd's denied the claim raising a number of coverage issues, including that wind was not the cause of the damage, late reporting, and the policy's one year limitation period.

On August 9, 2021, Plaintiff sued Waterside and PIIC (but made no claims against Lloyd's).[4] On November 1, 2021, Waterside filed a crossclaim against PIIC, and a Third-Party Complaint against Lloyd's. The Insurance carriers have filed crossclaims. I previously granted Lloyd's judgment on the pleadings as

---

[2] Tr. at 39.
[3] Id.
[4] A previous suit filed in Pennsylvania was dismissed.

to all claims against Lloyd's except for Waterside's Count III in its Third-Party Complaint, which alleges bad faith claims handling.[5]

In summary, Plaintiff discovered his loss November 4, 2016. Plaintiff asserted a claim to PIIC almost immediately. The claim was adjusted and denied, although Plaintiff did not know of the denial in fact until August 2019. Lloyd's was notified almost two years after Plaintiff realized the loss had occurred. Lloyd's denied the claim in relatively short order. Plaintiff filed suit August 9, 2021.

Both insurers now raise statute of limitation defenses. Lloyd's raises late notice and the policy's one year limitation defenses. The parties have spent reams of paper litigating the legal issues. In my view the efforts were for the most part wasted. For me the issue with respect to PIIC is the effect of the 2017 denial. With respect to Lloyd's the issue is whether it has legitimate policy defenses. I address those issues now.

## THE CLAIMS AGAINST PIIC

A. Michael Vito's Claims

Count I – Breach of Contract against Waterside
(Waterside has not filed a motion as to this claim.)

---

[5] *Vito v. Waterside Prop. Owners Ass'n, Inc.*, 2022 WL 4372755 (Del. Super. Sept. 21, 2022.)

Count II – Breach of Contract/Third-Party Beneficiary
against PIIC.

Count III – Breach of Covenant of Good Faith
and Fair Dealing against Waterside.
(Waterside has not filed a motion as to this claim,)

Count IV – Breach of Covenant of Fair Dealing against PIIC.

Count V – Promissory Estoppel against Waterside and PIIC.
(Waterside has not filed a motion as to their claim.)

PIIC asserts statute of limitations and laches as to Vito's claims.

B. Waterside's Claims

Count I – Unfair Claim Settlement Practices pursuant to
18 *Del. C.* §2304 (16).

(The parties agree this claim fails because
the Statute does not create a private cause of action.[6])

Count II - Declaratory Relief (contract based).

Count III - Breach of Contract

Count IV - Breach of the Implied Covenant of Good Faith
and Fair Dealing

Count V - Bad Faith

PIIC contends all claims against it are barred by the Delaware three years contract Statute of Limitations.[7] The parties agree that the three-year limitation period controls. At oral argument the parties also agreed that in an

---

[6] *Peterson v. 21st Century Centennial Ins. Co.,* 2015 WL 4154070 (Del. Super. July 9, 2015).
[7] 10 *Del. C. §8106.*

9

insurance contract the limitation period runs from the date of denial of the claim by the insurance carrier.[8] The question which controls is: when did PIIC give an effective denial? If the denial letter dated September 17, 2017, is an effective denial, then the suit filed in August 2021 came too late. On the other hand, if the Plaintiff's receipt of notice of the denial in August 2019 is an effective denial, then the suit is timely.

At oral argument the parties spent a great deal of effort arguing about the "mailbox rule", and the "time of discovery rule."[9] In my view neither are helpful. The mailbox rule often comes up in timing disputes as to appeals, often from decisions of the Unemployment Insurance Appeal Board.[10] But for me an insurance carrier has a high duty and burden to make sure its denials are communicated to be effective. An insurer cannot rely upon a denial that was not received. One could posit that this raises a factual issue. If so, it is left for trial, and cannot be disposed of by summary judgment. Insurance carriers when denying claims pursuant to agreed upon and paid for policies must effectively deny

---

[8] Tr. at 31; *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.,* 860 A.2d 312 (Del. 2004); *ISN Software Corp. v. Richards, Layton & Finger, P.A.*, 226 A.3d 727 (Del. 2020). The issue here is not one where a claim is made untimely.
[9] Tr. at 16, 18, 29, 60, 62, 94, 97.
[10] *Windom v. William C. Ungerer*, *W.C.*, 903 A.2d 276 (Del. 2006).

claims.[11]  When they have no proof that an insured or its agent ever received the missive of denial it is not effective.[12]

PIIC raises other issues contesting the factual sufficiency of Plaintiff's and Waterside's claims.  Factual issues are for trial and cannot be resolved by summary judgment.  I deny PIIC's motion as to all claims except the statutory claim.

## THE CLAIMS AGAINST LLOYD'S OF LONDON

The position of Lloyd's is significantly different.  Vito makes no claims against it.  Waterside makes the following claims:

Count I -    A statutory claim under the Delaware Unfair
              Claims Settlement Act.

              (The parties agree there is no such claim
              and it is dismissed; see footnote 6, *supra*.)

Count II -    A claim for Declaratory Relief that Lloyd's is obligated
              to cover the loss under its wind policy (contact based.)


Count III -   A claim that Lloyd's acted in bad faith,
              seeking punitive damages.

---

[11] I raised the issue at oral argument if the passage of time could be effective denial.  PIIC did not make this argument and on this record I make no determination.  In any event it would also be an issue of fact left to the jury.  See Tr. at 9.
[12] *Ungerer* (denial of receipt may create an issue of fact).

Lloyd's had a relatively standard contractual provision which required notice of the loss "as soon as practicable". It also had a contractual limitations period of one year. Delaware has consistently recognized and enforced contract limitations.[13] Lloyd's is in the position that no claim was made against it until more than three years had passed from the date of discovery. Lloyd's, thus, is in a very different position from PIIC. Waterside, through counsel, recognized this at oral argument, conceding that its declaratory relief claim based upon the contract was time barred.[14] But Waterside argues that the bad faith claim is different, it is not tied to the contract, and the one year limitation should not apply. This claim was subject to additional post-oral argument briefing.[15]

For me, all of Waterside's claims are contractually based. Indeed its only claims result from the contract of insurance. The claims are likely barred by the "as soon as practicable" language. They are certainly barred by the one year limitation period. The claim was denied in October 2018. Suit was filed on the Third-Party claim in November 2021. It came too late. I grant Lloyd's Motion in full. It also has no responsibility to PIIC and I am also dismissing PIIC's claims against Lloyd's.

---

[13] *Wal-Mart Stores, Inc., supra*; *INS Software Corp., supra.*
[14] Tr. at 65.
[15] See letter from Robert J. Valihura, Jr., Esquire, dated Nov. 10, 2023 (D.I. 96), letter from Eileen M. Ford, dated Nov. 21, 2023 (D.I. 97).

In summary, all claims anyone alleges against Lloyd's are dismissed. All claims against PIIC, with the exception of the statutory claim, remain triable. Plaintiff's claims against Waterside remain for trial.

Counsel for Lloyd's shall circulate a form of order to effectuate this decision. Counsel for PIIC shall do likewise.

*/s/ Craig A. Karsnitz*
Craig A. Karsnitz

cc:     Prothonotary